656 S.E.2d 374

In the Matter of John W. SWAN, Respondent.

No. 26416.

Supreme Court of South Carolina.

Submitted Nov. 27, 2007.

Decided Jan. 14, 2008.

Lesley M. Coggiola, Disciplinary Counsel and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John W. Swan, of North Charleston, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of a confidential admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## *Facts*

Respondent wrote a letter to a Workers' Compensation Commissioner venting outrage over a ruling by the Commission that was adverse to respondent's client. Respondent admits the tone of and descriptive speech contained in the letter were abusive and brought disrepute and disrespect to a tribunal engaged in the administration of justice, and the letter could be described as disruptive to the tribunal.

In another matter, respondent admits he violated Rule 417, SCACR, by making a check out to "Cash" instead of to the client. Respondent also admits that his failure to adequately safeguard client funds in violation of Rule 1.15 of the Rules of Professional Conduct, Rule 407, SCACR, caused a check to be reported against his trust account for insufficient funds. Respondent admits he failed to verify that the funds were available in his trust account prior to the issuance of the check that was returned for insufficient funds.

## *Law*

Respondent admits that he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) (lawyer shall safeguard client funds and comply with Rule 417, SCACR); Rule 3.5(d)(lawyer shall not engage in conduct intended to disrupt a tribunal); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits he has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding profes-

sional conduct of lawyers). Finally, respondent admits he violated Rule 417, SCACR.

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.